IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| VERNON E. SMITH, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Civil No. 10-577-CJP |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act. **(Doc. 37)**. Defendant filed a memorandum in opposition at Doc. 38, to which plaintiff replied at Doc. 39.

As relevant here, the EAJA provides that, in an action for review of the denial of an application for social security benefits, the Court shall award "fees and other expenses" to a prevailing party, other than the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. §2412(d)(1)(A). For these purposes, "United States" includes an agency of the United States. §2412(d)(2)(C).

In this case, the Court reversed the Commissioner's decision denying plaintiff's application for benefits, and remanded for further proceedings pursuant to sentence four of 42 U.S.C. §405(g). See, Doc. 35. Plaintiff is therefore the prevailing party, which the Commissioner does not dispute. Rather, the Commissioner argues that fees should not be

1

awarded because the agency's position was substantially justified.

"The government has the burden of establishing that its position was substantially justified, and to do so must show: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the theory propounded." **Conrad v. Barnhart, 434 F.3d 987, 990 (7th Cir. 2006), citing Golembiewski v. Barnhart, 382 F.3d 721, 724 (7th Cir. 2004).** The Court looks at both the government's pre-litigation conduct, which includes the ALJ's decision, and its litigation conduct. **Stewart v. Astrue, 561 F.3d 679, 683 (7th Cir. 2009)**.

This case was remanded because the ALJ failed to assess the effect of plaintiff's obesity and because his credibility assessment was deficient. With regard to the first issue, while the ALJ recognized that plaintiff was obese, he offered no analysis at all of the effect of his obesity, as required by SSR 02-1p. Further, the ALJ ignored the fact that the state agency physician who assessed plaintiff's RFC assigned limitations in all postural activities due to obesity. While the ALJ was not required to accept this evidence, he was required to discuss it and explain his reasoning for either accepting or rejecting it. See, **Indoranto v. Barnhart, 374 F.3d 470, 474 (7th Cir. 2004); Myles v. Astrue, 582 F.3d 672, 678 (7th Cir. 2009).**

The ALJ assessed plaintiff's credibility by relying on boilerplate language instead of analysis, to wit:

> After consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment. (Tr. 20).

The only reasons that the ALJ gave for not believing plaintiff's statements about his symptoms

was that his statements were not substantiated by the objective medical evidence and he rode a 4-wheeler on one occasion. This is insufficient. **See, 20 C.F.R.§404.1529(c) & (d); SSR 96-7p; Brindisi v. Barnhart, 315 F.3d 783, 787-788 (7th Cir. 2003)**.

Where the ALJ's decision "contravened longstanding agency regulations, as well as judicial precedent," the agency's position was not substantially justified. **Stewart v. Astrue, 561 F.3d 679, 684 (7th Cir. 2009).** In his brief in this Court, the Commissioner's defense of the ALJ's credibility determination consisted of only one paragraph, which is some indication of the weakness of the ALJ's decision.

The government's attempt to demonstrate that its position was substantially justified fall short. It does not even attempt to argue that the ALJ's analysis of the effect of plaintiff's obesity was adequate. Rather, the government characterizes the deficiencies in the ALJ's decision as inadequacies of articulation, rather than of analysis. The government cites **Stein v. Sullivan, 966 F.2d 317 (7th Cir. 1992)** for the proposition that articulation errors do not necessitate a finding that the government's position was not substantially justified. See, Doc. 38 at p. 5. The Seventh Circuit has explained that **Stein** does not establish a per se rule that fees are not to be awarded where the ALJ's error is a failure to articulate the reasons for his decision. **Conrad v. Barnhart, 434 F.3d 987, 991 (7th Cir. 2006)**. Rather, the articulation requirement is "deliberately flexible." **Stein, 966 F.2d at 319-320.** "Indeed it typically takes something more egregious than just a run-of-the-mill error in articulation to make the commissioner's position unjustified—something like the ALJ's ignoring or mischaracterizing a significant body of evidence, or the commissioner's defending the ALJ's opinion on a forbidden basis.**"** **Bassett v. Astrue, 641 F.3d 857, 860 (7th Cir. 2011).**

3

Here, the ALJ failed to conduct any analysis of the effect of plaintiff's obesity on his RFC, ignoring the fact that the state agency physician assigned postural limitations due to obesity. This goes beyond a "run-of-the-mill error in articulation." In defending the ALJ's decision, the Commissioner argued that postural limitations are not relevant to the ability to do sedentary work. See, Doc. 29, p. 13. However, this is incorrect, since significant postural limitations may result in inability to do a full range of sedentary work. See, SSR 96-9p. And, on its face, the credibility analysis was lacking.

The Court finds that the government has not carried its burden of demonstrating that its position was substantially justified. Therefore, plaintiff is entitled to an award of attorneys' fees pursuant to the Act. The government has not challenged the amount requested. The fees and costs requested are itemized at Doc. 37, Ex. 3 and Doc. 39, p. 4. The Court finds that the amount of $7, 088.13 is a reasonable and appropriate amount for attorney's fees, and that $379.43 is a reasonable and appropriate amount for costs.

Lastly, the government suggests that any amount awarded should be paid to plaintiff, pursuant to *Astrue v. Ratliff*, **130 S.Ct. 2521 (2010).** In that case, there was no assignment of the right to recover fees. However, here, the plaintiff has assigned his right to recover fees under the EAJA to his attorney. See, Doc. 37, Ex. 2. The Seventh Circuit has held that the language used in *Ratliff* "suggests that if there is an assignment, the only ground for the district court's insisting on making the award to the plaintiff is that the plaintiff has debts that may be prior to what she owes her lawyer." *Mathews-Sheets v. Astrue*, **2011 WL 3437029, *5 (7th Cir. 2011).**

Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act **(Doc. 37)** is **GRANTED**. The Court awards plaintiff attorneys' fees pursuant to the Equal Access to Justice

4

Act in the amount of $7,088.13, and costs in the amount of $379.43.  Those amounts shall be paid to plaintiff's counsel unless the government determines that plaintiff owes a prior debt to the government.  **Mathews-Sheets v. Astrue**, 2011 WL 3437029, *5 (7th Cir. 2011).

**IT IS SO ORDERED.**

**DATE:  September 19, 2011.**

<u>**s/ Clifford J. Proud**</u>
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**